IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ROSALIND ROCKETT,**

**Defendant.**                                                                 **No. 09-495-DRH**

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is a Motion to Set Aside Default Judgment (Doc. 12) filed by Defendant Rosalind Rockett. The Government has filed a response to the motion (Doc. 13). Based on the pleadings, the case law, and the following, the Court **GRANTS** Defendant's motion and **VACATES** the Default Judgment (Doc. 10).

The Government filed its Complaint on July 1, 2009 seeking the unpaid portion of a defaulted loan (Doc. 2) as well as interest on the debt. The record shows that Defendant Rockett was served on September 3, 2009 and that her responsive pleading was due on September 23, 2009 (Doc. 3). Thereafter, the Government moved for entry of Default against Defendant arguing that it was entitled to entry of default as the Defendant had failed to plead or otherwise defend (Doc. 6). On October 28, 2009, the Clerk of the Court made an entry of default against Defendant Rockett (Doc. 8). Thereafter, on October 29, 2009, the Government moved for a default judgment (Doc. 9). The Court entered a Default Judgment on November 23,

2009 (Doc. 10).

On December 4, 2009, Defendant Rockett filed the instant motion to set aside default judgment (Doc. 12). Defendant argues that she did not file a responsive pleading because she had spoke with the Justice Department about the debt not being her obligation due to the loan being satisfied and an incorrect social security number. The Government has filed a response, arguing that the default judgment should not be set aside (Doc. 13). Specifically, the Government argues that while Rockett did satisfy one of her loans, the loan at issue in the instant case is a separate loan which was signed by Rockett with her signature.[1] The Court now turns to address the merits of the motion.

## II. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** provides that: "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." **Rule 60(b)(1)** provides that "[o]n motion and upon such terms as are just, the court may relieve a party...from a final judgment" upon showing "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1).** The test for demonstrating excusable neglect under **Rule 60(b)(1)** for purposes of vacating a default judgment is the same as the test under **Rule 55(c)** for vacating an entry of default. A party seeking either to set aside an entry of default or a default judgment must show: "(1) good cause for the default; (2) quick action to

---

[1] The Government does not dispute that the social security number on the Promissory Note is not the same as Rockett's social security number.

correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009)(noting that the test under both Rule 55(c) and 60(b) are the same although the test for setting aside entry of default is more liberally applied); *see also United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

The tests for both setting aside an entry of default and a default judgment are identical although the test under **Rule 55(c)** is more liberally applied. As the Seventh Circuit has stated, the test under **Rule 60(b)** is more rigid out of respect for the finality of judgments. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). As explained:

> [w]hile the tests are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances-where a default *judgment* has been entered-to be much more limited and stringent. [*Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 187 (7th Cir. 1982)]. This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment. *North Cent. Ill. Laborer's Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir.1988); *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977).

*Id*.

Here, Rockett has shown good cause for vacating the default judgment. Rockett claims that she did not file a response because she had called the Justice Department and discussed the issue with them, informing them that she had paid

her loan and that the social security number on the loan was not hers. She has shown more than simple neglect for not filing a response to the Complaint. Further, Rockett has acted in a timely manner, filing her motion to vacate default judgment within ten days of the entering of the default judgment. Rockett also claims that she has a meritorious defense in that the social security number on the loan is not hers and that her loan was paid in full. As Rockett has met all three elements for vacating the default judgment, the Court **GRANTS** Defendant Rockett's motion to set aside default judgment (Doc. 12).

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant Rockett's motion to set aside default judgment (Doc. 12). The Default Judgment entered on November 23, 2009 (Doc. 10) is hereby **VACATED**. Further, the Court **ORDERS** Defendant Rockett to file an answer to the Government's Complaint within 20 days of the date of this Order.

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**