IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSALIND ROCKETT,

Defendant.                                                        No. 09-495-DRH


**ORDER**

**HERNDON, Chief Judge:**

      Before the Court is the United States of America's Motion to Dismiss Complaint (Doc. 28). Specifically, the Government seeks to voluntarily dismiss this action without prejudice pursuant to **FED.R.CIV.P. 41(a)(2)**. The Government's Complaint involved a defaulted student loan allegedly taken out by Defendant Rosalind Rocket. Now the Government seeks to dismiss the case as it is unable to determine whether or not Defendant took out the loan in question. Defendant has failed to timely file a response.

      It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to **Rule 41(a)(2)**. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Laboratories, Inc.*

***v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)**.  In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant.  ***Tyco Laboratories*, 627 F.2d at 56.**

Here, the Government submits that after deposing the Defendant, it is unable to determine whether Defendant actually took out the student loan at issue in this case.  Defendant has not filed a response objecting to the Government's motion to dismiss.  Further, the Court notes that very little effort and resources have been expended in this case as Defendant only recently entered the case and filed a response to the Complaint after seeking to have the default judgment in this case vacated.  Further, Plaintiff did not discover that the student loan might not belong to Defendant until after it took Defendant's deposition, thus the Court finds that their was no excessive delay or lack of diligence on the Government's part.  The Government has further shown a sufficient explanation for dismissal in light of the fact that it is now uncertain as to whether the loan in question was taken out by Defendant.  Defendant has also not yet filed any dispositive motions in this case.  Thus, the Court finds that dismissal is warranted.  Accordingly, the Court **GRANTS**

the Government's Motion to Dismiss Complaint (Doc. 28) and **DISMISSES without prejudice** its Complaint against Rosalind Rockett.  The Court will close the case.

    **IT IS SO ORDERED.**

Signed this 16th day of September, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**